**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | **CRIMINAL ACTION** |
| **v.** ) | |
| ) | **No. 13-20037-01-KHV** |
| **JULIO IVAN LOPEZ-MUNOZ,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

**MEMORANDUM AND ORDER**

On June 19, 2014, the Honorable J. Thomas Marten sentenced defendant to 180 months in prison. This matter is before the Court on defendant's [Sealed] Motion For Reduction Of Sentence Pursuant To 18 U.S.C. Section 3582(c)(2) (Amendment 782) (Doc. #56) filed December 28, 2015. For reasons stated below, the Court overrules defendant's motion.

Under Amendment 782 and 18 U.S.C. § 3582(c)(2), defendant asks the Court to reduce his sentence to 121 months in prison. Defendant's original offense level was 40 with a Criminal History Category IV, resulting in a guideline range of 360 months to life in prison. See Presentence Investigation Report (Doc. #49) filed May 20, 2014, ¶ 122. Based on the parties' agreed recommendation under the terms of the plea agreement, Judge Marten sentenced defendant to 180 months in prison.[1] Under Amendment 782, defendant's amended guideline range would be 292 to 365 months in prison. Defendant is not entitled to relief under Amendment 782, because his original sentence of 180 months is below the low end of the amended guideline range (292 to 365 months).

---

[1] The parties did not execute a plea agreement under Rule 11(c)(1)(C), but the plea agreement bound defendant to not ask for a sentence below the low end of the guideline range and bound the government to not ask for a sentence greater than 180 months or the high end of the guideline range. Based on the calculated guideline range of 360 months to life and consistent with the plea agreement, the parties asked the Court to impose a sentence of 180 months.

Unless a defendant's original sentencing range was lowered pursuant to a government motion to reflect substantial assistance to authorities, the Court may not impose a reduced sentence below the low end of the amended guideline range.  U.S.S.G. § 1B1.10(b)(2)(A); see 18 U.S.C. § 3582(c)(2) (reduction must be consistent with Sentencing Commission policy statements); see also U.S.S.G. § 1B1.10(a)(3) (proceedings under Section 3582(c)(2) and policy statement do not constitute full resentencing). Accordingly, defendant is not entitled to relief.

**IT IS THEREFORE ORDERED** that defendant's [Sealed] Motion For Reduction Of Sentence Pursuant To 18 U.S.C. Section 3582(c)(2) (Amendment 782) (Doc. #56) filed December 28, 2015 be and hereby is **OVERRULED**.

Dated this 31st day of December, 2015, at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge