IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CRIMINAL ACTION |
| v. | ) | |
| | ) | No. 13-20037-01-KHV |
| JULIO IVAN LOPEZ-MUNOZ, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM AND ORDER**

On June 19, 2014, the Honorable J. Thomas Marten sentenced defendant to 180 months in prison. This matter is before the Court on defendant's Motion For Reduction Of Term Of Imprisonment Pursuant To 18 U.S.C. § 3582(c)(1)(A)(i) And 18 U.S.C. § 3582(c)(2) (Doc. #58) filed July 12, 2022. On August 12, 2022, pursuant to District of Kansas Standing Order No. 20-8, the Office of the Federal Public Defender notified the Court that it does not intend to enter an appearance to represent defendant. For reasons stated below, the Court sustains defendant's motion in part.

**Factual Background**

On February 20, 2014, defendant pled guilty to conspiracy (1) to manufacture, to possess with intent to distribute and to distribute 280 grams or more of cocaine base, "crack," a controlled substance; and (2) to possess with intent to distribute and to distribute five kilograms or more of a mixture and substance containing cocaine. Defendant's total offense level was 40, with a criminal history category IV, resulting in a guideline range of 360 months to life in prison. See Presentence Investigation Report ("PSR") (Doc. #49), ¶ 122. On June 19, 2014, the Court sentenced defendant to 180 months in prison. See Judgment In A Criminal Case (Doc. #52).

In 2015, under Amendment 782 and 18 U.S.C. § 3582(c)(2), defendant asked the Court to reduce his sentence to 121 months in prison. The Court determined that defendant was not entitled to relief under Amendment 782 because his original sentence of 180 months was below the low end of the amended guideline range. See Memorandum And Order (Doc. #57) filed December 31, 2015.

Defendant currently is confined at FCI Three Rivers, a Bureau of Prisons ("BOP") facility in Three Rivers, Texas. As of December 9, 2022, 398 inmates and 135 staff members had tested positive for COVID-19. See COVID-19 Cases, https://www.bop.gov/coronavirus/ (last visited Dec. 9, 2022). All of the inmates and 133 staff members have recovered. See id.

Defendant is 49 years old. Defendant states that because of his age and obesity, he is at high risk of contracting COVID-19 and of severe illness or death if he contracts it.

With good time credit, defendant's projected release date is December 16, 2025. Defendant asks the Court to grant compassionate release because of his health conditions, COVID-19, his family circumstances and the fact that his guideline range has been lowered since his sentencing in 2014.

**Analysis**

A federal district court may modify a defendant's sentence only where Congress has expressly authorized it to do so. See 18 U.S.C. § 3582(b)–(c); United States v. Blackwell, 81 F.3d 945, 947 (10th Cir. 1996). Congress has set forth only three limited circumstances in which a court may modify a sentence: (1) upon motion of the BOP Director or defendant under Section 3582(c)(1)(A); (2) when "expressly permitted by statute or by Rule 35" of the Federal Rules of Criminal Procedure; and (3) when defendant has been sentenced "based on a sentencing

range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c). Under the First Step Act of 2018, 132 Stat. 5194, the Court may order compassionate release for "extraordinary and compelling reasons." 18 U.S.C. § 3582(c)(1)(A)(i).[1]

The Court may grant compassionate release if defendant establishes that (1) extraordinary and compelling reasons warrant a reduced sentence, (2) a reduced sentence is consistent with applicable Sentencing Commission policy statements and (3) Section 3553(a) factors warrant a reduced sentence. 18 U.S.C. § 3582(c)(1)(A); United States v. Maumau, 993 F.3d 821, 831 (10th Cir. 2021); United States v. McGee, 992 F.3d 1035, 1042–43 (10th Cir. 2021). The Sentencing Commission has not issued an "applicable" policy statement for motions for compassionate release filed by defendants. Maumau, 993 F.3d at 837; McGee, 992 F.3d at 1050. Unless and until the Sentencing Commission issues such a policy statement, the second requirement does not apply. See United States v. Warren, No. 11-20040-01-WPJ, 2021 WL 1575226, at *2 (D. Kan. Apr. 22, 2021). Accordingly, the Court evaluates only the first and third requirements.

**I.  Extraordinary And Compelling Reasons For Release**

The Court has discretion to independently determine whether defendant has shown "extraordinary and compelling reasons" that warrant release. See McGee, 992 F.3d at 1044, 1048. In this context, "extraordinary" means "exceptional to a very marked extent." United States v. Ford, 536 F. Supp. 3d 848, 853 (D. Kan. 2021) (quotations and citations omitted). "Compelling"

---

[1]  The Court may entertain requests for compassionate release only upon a motion of the BOP or of defendant after he submits a request to BOP and the earlier of (1) when he "fully exhaust[s] all administrative rights to appeal" or (2) "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility." 18 U.S.C. § 3582(c)(1)(A). The government does not address whether defendant satisfied the exhaustion prerequisite. The Court therefore assumes that defendant has done so.

range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c). Under the First Step Act of 2018, 132 Stat. 5194, the Court may order compassionate release for "extraordinary and compelling reasons." 18 U.S.C. § 3582(c)(1)(A)(i).[1]

The Court may grant compassionate release if defendant establishes that (1) extraordinary and compelling reasons warrant a reduced sentence, (2) a reduced sentence is consistent with applicable Sentencing Commission policy statements and (3) Section 3553(a) factors warrant a reduced sentence. 18 U.S.C. § 3582(c)(1)(A); United States v. Maumau, 993 F.3d 821, 831 (10th Cir. 2021); United States v. McGee, 992 F.3d 1035, 1042–43 (10th Cir. 2021). The Sentencing Commission has not issued an "applicable" policy statement for motions for compassionate release filed by defendants. Maumau, 993 F.3d at 837; McGee, 992 F.3d at 1050. Unless and until the Sentencing Commission issues such a policy statement, the second requirement does not apply. See United States v. Warren, No. 11-20040-01-WPJ, 2021 WL 1575226, at *2 (D. Kan. Apr. 22, 2021). Accordingly, the Court evaluates only the first and third requirements.

**I.  Extraordinary And Compelling Reasons For Release**

The Court has discretion to independently determine whether defendant has shown "extraordinary and compelling reasons" that warrant release. See McGee, 992 F.3d at 1044, 1048. In this context, "extraordinary" means "exceptional to a very marked extent." United States v. Ford, 536 F. Supp. 3d 848, 853 (D. Kan. 2021) (quotations and citations omitted). "Compelling"

---

[1]  The Court may entertain requests for compassionate release only upon a motion of the BOP or of defendant after he submits a request to BOP and the earlier of (1) when he "fully exhaust[s] all administrative rights to appeal" or (2) "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility." 18 U.S.C. § 3582(c)(1)(A). The government does not address whether defendant satisfied the exhaustion prerequisite. The Court therefore assumes that defendant has done so.

means "tending to convince . . . by forcefulness of evidence." Id.  While the Sentencing Commission definition of extraordinary and compelling reasons for BOP motions is not controlling, the Court considers that definition in ruling on defense motions. See United States v. Carr, 851 F. App'x 848, 853 (10th Cir. 2021) (district court has discretion to consider definition of extraordinary and compelling reasons in Section 1B1.13 application notes); see also United States v. Hald, 8 F.4th 932, 938 (10th Cir. 2021) (while policy statement does not restrict district court discretion, "it would hardly be an abuse of discretion for a district court to look to the present policy statement for guidance"), cert. denied, 142 S. Ct. 2742 (2022).  For BOP motions, the Sentencing Commission has identified four reasons that may constitute grounds for compassionate release: (1) defendant's medical condition; (2) defendant's age; (3) defendant's family circumstances; and (4) a catchall category for an "extraordinary and compelling reason other than, or in combination with," the first three categories. U.S.S.G. § 1B1.13, Reduction In Term Of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A) (Policy Statement), cmt. n.1 (Nov. 2018).

Defendant seeks release because of his age, his obesity and the risk of severe illness or death if he contracts COVID-19.  Defendant argues that even if the Court does not release him for this reason, he should receive two days credit for every day that he has been imprisoned during the pandemic as "harsh time" credit.  At age 49, however, defendant is young.  As the government notes, defendant has received two doses of the COVID-19 vaccine and a third booster vaccine some 60 days before he filed the present motion.  The Court recognizes that defendant is obese, which is a risk factor for severe illness if he contracts COVID-19.  Even so, it appears that the prevailing scientific view is that even vaccinated individuals with medical comorbidities do not have a significant risk of severe disease or death if they contract COVID-19.  In sum, defendant

has not shown that his age and health conditions, by themselves, constitute extraordinary and compelling reasons for release or a reduced sentence of an inmate who has received a COVID-19 vaccine.  See United States v. Gunkel, No. 22-5055, 2022 WL 17543489 (10th Cir. Dec. 9, 2022) (despite defendant's medical conditions, district court did not abuse discretion finding that vaccinations prevented "undue risk" of serious COVID-19 case or resulting complications); United States v. McRae, No. 21-4092, 2022 WL 803978, at *2 (10th Cir. Mar. 17, 2022) (when defendant has access to vaccine, incarceration during COVID-19 pandemic does not present extraordinary and compelling reason warranting sentence reduction) (citations omitted); United States v. Wright, No. CR-TDC-17-0388, 2020 WL 2571198, at *3 (D. Md. May 21, 2020) (inmate must show imminent risk of exposure to COVID-19 and high risk for death or serious illness should he or she contract COVID-19 based on age, medical conditions or other factors).

Next, defendant argues that his family circumstances warrant compassionate release. Defendant seeks release to care for his parents—who are suffering from severe health conditions—and his minor child who apparently resides with his parents.  Defendant has not shown that other family members or friends are unable to care for his parents or his minor child who apparently is at least 16 years of age.  Since 2014 when the Court sentenced defendant to 180 months in prison, defendant and his family have understood that his earliest expected release date with good time credit would be in 2025.  The Court appreciates the challenges of an inmate attempting to ensure the care of parents and a minor child, but such challenges, by themselves, do not constitute an extraordinary and compelling reason for defendant's release.

Finally, defendant argues that the fact that his guideline range would now be lower under

the Sentencing Guidelines constitutes an extraordinary and compelling reason for release.[2] Defendant is not eligible for relief under Amendment 782 because his sentence of 180 months is below the low end of the amended guideline range of 324 to 405 months. See Memorandum And Order (Doc. #57). The Court has granted relief under Amendment 782 for numerous criminal defendants including many of those with sentences of more than 180 months in prison and who had larger drug quantities attributed to them than the amount attributed to defendant. The Court previously determined that after balancing the Section 3553(a) factors, defendant's sentence should be 180 months, which is less than the low end of the amended guideline range of 324 to 405 months. In this particular case, the denial of relief under Amendment 782 to defendant is an extraordinary and compelling reason for a reduced sentence. See United States v. Tyler, No. 04-

---

[2] Defendant seeks compassionate release based on the "change in U.S.S.G. Sentencing Guidelines since petitioner was sentenced." Motion For Reduction Of Term Of Imprisonment Pursuant To 18 U.S.C. § 3582(c)(1)(A)(i) And 18 U.S.C. § 3582(c)(2) (Doc. #58) at 1; see also id. at 2 (seeks to "adjust his time pursuant to the updated U.S.S.G. Sentencing Guidelines as of 2018"); id. at 3 (seeks relief based on "change in the U.S.S.G. Sentencing Guidelines since petitioner was sentenced"); id. at 13–14 (seeks relief based on "gross disparity between petitioner's previously imposed sentence and the sentence that could be imposed today"). Liberally construed, defendant's motion seeks relief based on Amendment 782 to the Sentencing Guidelines, which appears to be the only modification which would impact his guideline range.

Defendant argues that the First Step Act of 2018 reduces his guideline range. See id. at 14. The First Step Act retroactively applied the revised statutory penalties of the Fair Sentencing Act of 2010, 124 Stat. 2372. See First Step Act § 404(a) (First Step Act applies to sentences for violation of federal criminal statute with statutory penalties modified by Fair Sentencing Act that was committed before August 3, 2010). Effective August 3, 2010, the Fair Sentencing Act reduced the amount of cocaine base needed to trigger certain statutory minimum and maximum sentences. See 21 U.S.C. § 841(b)(1)(A)(iii) (raising from 50 to 280 grams the amount of cocaine base needed to trigger statutory range of 10 years to life in prison); 21 U.S.C. § 841(b)(1)(B)(iii) (raising from 5 to 28 grams the amount of cocaine base needed to trigger statutory range of 5 to 40 years in prison). Because the indictment charged defendant—and he pled guilty—under the revised statutory penalties of the Fair Sentencing Act, the First Step Act does not further lower his statutory range or impact his guideline range.

20044-02-KHV, 2022 WL 2866700, at *4 (D. Kan. July 29, 2022) (disparity between one defendant's original sentence and amended sentence of co-defendant extraordinary and compelling reason to reduce defendant's sentence); United States v. Young, No. 10-20076-01-KHV, 2021 WL 1999147, at *4 (D. Kan. May 19, 2021) (uneven application of First Step Act to various defendants in conspiracy is extraordinary and compelling reason to reduce defendant's sentence); Ford, 536 F. Supp. 3d at 855 (uneven application of Amendment 782 to various defendants who had similar involvement in conspiracy is extraordinary and compelling reason for reduced sentence).

**II.     Section 3553(a) Factors**

Next, the Court must determine whether a sentence reduction is warranted, and the extent of any reduction, under the applicable factors set forth in 18 U.S.C. § 3553(a). See 18 U.S.C. § 3582(c)(1)(A). The Court considers the nature and circumstances of the offense, defendant's personal history and characteristics, the purposes of sentencing including the need to protect the public from further crimes of the defendant, any threat to public safety and the need to avoid unwanted sentence disparities among defendants with similar records who are convicted of similar conduct. See 18 U.S.C. § 3553(a).

Defendant argues that the factors under 18 U.S.C. § 3553(a) warrant a sentence of time served (approximately 136 months including good time credit). A timed served sentence, however, is inconsistent with the seriousness of defendant's offense, the need for deterrence and the need to protect the public. In particular, defendant committed a significant drug trafficking offense. As part of the offense conduct, defendant was responsible for 117 kilograms of cocaine and had a significant leadership role in the drug trafficking conspiracy. See PSR (Doc. #49), ¶¶ 77, 85. The Court also enhanced his offense level by two levels because he was directly involved in

the importation of a controlled substance and his offense was part of his livelihood. See id., ¶ 83. Finally, a reduction of defendant's sentence to approximately 136 months, including good time credit, would reflect a significant disparity from his current sentence of 180 months, which is well below the low end of his amended guideline range of 324 to 405 months. The Court recognizes that despite several disciplinary violations, defendant apparently has made some progress toward rehabilitation. Even so, on balance, the factors under Section 3553(a) do not support a sentence of timed served.

Even though a time served sentence is not appropriate, the Court considers whether a reduced sentence is appropriate in light of the Section 3553(a) factors and the numerous similarly situated defendants who have received a reduced sentence under Amendment 782. At sentencing, Judge Marten determined that a sentence of one half of the low end of the guideline range of 360 months to life was sufficient to satisfy the Section 3553(a) factors. Amendment 782 lowered defendant's amended guideline range to 324 to 405 months. The factors under Section 3553 support the same proportional reduction that Judge Marten applied at the original sentencing, i.e. one half of the low end of the post-Amendment 782 guideline range. A reduced sentence of 162 months is sufficient, but not greater than necessary, to reflect the seriousness of the offense, afford adequate deterrence, protect the public and provide defendant needed treatment in the most effective manner. See 18 U.S.C. § 3553(a)(2)(A)–(D). Such a reduction is particularly appropriate in light of the relief that the Court has awarded numerous similarly situated defendants. Defendant had three disciplinary incidents in 2020, but he has not received any infractions since then. In addition, although defendant had a conviction in 2011 involving the discharge of a firearm, he does not appear to pose a danger to society upon release. On balance, the factors under

Section 3553(a) support a reduced sentence of 162 months.

**IT IS THEREFORE ORDERED** that defendant's Motion For Reduction Of Term Of Imprisonment Pursuant To 18 U.S.C. § 3582(c)(1)(A)(i) And 18 U.S.C. § 3582(c)(2) (Doc. #58) filed July 12, 2022 is **SUSTAINED in part**.  The Court reduces defendant's sentence to **162 months in prison.  Except as modified above, all other terms and conditions of the Judgment In A Criminal Case (Doc. #52) filed June 20, 2014 shall remain in effect.  The Clerk is directed to forward a copy of this Memorandum And Order to the Office of the Federal Public Defender.**

Dated this 9th day of December, 2022 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge
